UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **LORENZA L. HODGES**, § | |
| *Plaintiff*, § | |
| v. § | |
| § | EP-24-CV-00321-KC |
| **ROLAND PARISH, et al.**, § | |
| *Defendants*. § | |

## ORDER

The Court considers the appropriate venue for the above-captioned Title VII employment discrimination case. Under 28 U.S.C. § 1404, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court *may* transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (emphasis added). This Court finds that the Northern District of Texas is a more appropriate venue for Plaintiff's claims given that the events giving rise to the action occurred in Dallas, Texas.

For the following reasons, this Court **ORDERS** that this action be transferred from the El Paso Division of the U.S. District Court for the Western District of Texas to the Dallas Division of the U.S. District Court for the Northern District of Texas pursuant to 28 U.S.C. § 1404(a).[1]

### I.   BACKGROUND

This is a Title VII *pro se* employment discrimination case where Plaintiff Lorenza Hodges ("Plaintiff") alleges discrimination based on sex and sexual orientation, sexual harassment, and

---

[1] District Courts in the Fifth Circuit are permitted to *sua sponte* transfer a case under 28 U.S.C. § 1404(a). *See Jarvis Christian College v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988) (holding that district court may *sua sponte* transfer action pursuant to 28 USC § 1404(a)); *Jones v. Baptist Cmty. Servs.*, No. CV H-24-2416, 2024 WL 3277387 (S.D. Tex. July 2, 2024) (transferring a Title VII case *sua sponte* to Northern District of Texas under 1404(a)).

1

retaliation. Pl.'s Compl. 28–30, ECF No. 1-1.[2] Plaintiff is a former employee at McDonald's on 2570 West Red Bird Lane, Dallas, Texas and asserts that he was subject to workplace discrimination between May 16, 2023, and June 12, 2023. *Id.* 28–29. Specifically, Plaintiff alleges that on May 16, 2023, Jennie, the McDonald's General Manager "heard and received knowledge that [Plaintiff] was seen talking to a non-binary coworker Medsi" and began "circulating rumors to other employees and customers about [Plaintiff's] sexual preference and orientation." *Id.* 4. Plaintiff further alleges that on May 18, 2023, he heard another employee shout, "Lorenza wants to f*** Medsi" and that Jennie "stood on right by her side like nothing happened." *Id.* Plaintiff also appears to assert that on an undisclosed date, Plaintiff was groped "between [his] buttock while [he was] squatting to put oil pan in grease fryer." *Id.* 5. It is unclear from Plaintiff's Complaint who groped Plaintiff or whether the groping was related to the comments about Plaintiff's interactions with Medsi.

On November 19, 2024, this Court submitted a questionnaire to Plaintiff to determine the appropriate venue for Plaintiff's employment discrimination claim. Questionnaire, ECF No. 18. On December 3, 2024, Plaintiff submitted his responses to the questionnaire. Pl.'s Resp., ECF No. 21. Considering the Plaintiff's answers in the questionnaire and his allegations in the Complaint, the Court finds that the Northern District of Texas is the appropriate venue for Plaintiff's claim under 28 U.S.C. § 1404(a).

## II.    LEGAL STANDARD

Title VII of the Civil Rights Act of 1964, under which Plaintiff pursues his employment discrimination claim, contains a special venue provision. Specifically, it provides that a Title VII

---

[2] Plaintiff also appears to allege an Americans with Disability Act (ADA) claim, but it is unclear the disability that Plaintiff alleges. *Id.* 28.

employment discrimination claim "may be brought in *any judicial district in the State* in which the unlawful employment practice is alleged to have been committed." 42 U.S.C. § 2000e-5(f)(3) (emphasis added). In other words, venue for Title VII actions "is not limited to the judicial district in which the alleged unlawful acts occurred, but is appropriate in any judicial district in the state in which the alleged unlawful acts occurred." *E.E.O.C. v. Mustang Mobile Homes, Inc.*, 88 F. Supp. 2d 722, 724 (W.D. Tex. 1999) (citation omitted). This venue provision expressly incorporates 28 U.S.C. § 1404. *See In re Horseshoe Ent.*, 337 F.3d 429, 433 (5th Cir. 2003) ("We note that the last sentence of this special venue provision makes express cross-reference to §[] 1404 … of Title 28 indicating clearly Congress' intention that the provisions of §[] 1404 … would also be applicable in this case.").

Under 28 U.S.C. § 1404, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The determination of "convenience" turns on several private and public interest factors, none of which is given dispositive weight. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008). The private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* (citing *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 241 n.6 (1981)). The public concerns include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or the application of foreign law." *Id.*

3

In the instant case, Plaintiff could bring his employment discrimination claim in the Western District of Texas under Title VII's special venue provision. However, considering the private and public factors under 28 U.S.C. § 1404, this Court finds that the Northern District of Texas is a more appropriate venue.

### III.   ANALYSIS

#### a. **Plaintiff could have brought his Title VII employment discrimination claim in the Western District of Texas.**

The Title VII special venue provision provides that a Title VII employment discrimination claim "may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed." 42 U.S.C. § 2000e-5(f)(3). Here, Plaintiff alleges that the employment discrimination occurred in Dallas, Texas. Compl. 28–29. Because the Western District of Texas is located in Texas—the State where the unlawful employment practice is alleged to have occurred—Plaintiff may bring his employment discrimination claim in the Western District of Texas.

#### b. **Considering the private and public factors of 28 U.S.C. § 1404, the Northern District of Texas is a more appropriate forum.**

Under 28 U.S.C. § 1404, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The determination of "convenience" turns on several private and public interest factors, none of which is given dispositive weight. *Volkswagen*, 545 F.3d at 315. Examining the private factors, the first three factors favor transfer to the Northern District of Texas. Examining the public factors, the first two factors favor transfer to the Northern District of Texas. The Court considers each factor in turn.

i. *Private factors*

1. *"ease of access to sources of proof"*

4

The first factor focuses on the location of "documents and physical evidence relating to the [case]." *Volkswagen*, 545 F.3d at 316. This factor weighs in favor of transfer where the current district lacks any evidence relating to the case. *See id.* Here, Plaintiff states that the records and personnel files are located "on the job site" in Dallas, Texas. Questionnaire 4. Accordingly, this factor favors transfer to the Northern District of Texas.

### 2. "availability of compulsory process"

The second factor focuses on "the availability of compulsory process to secure the attendance of witnesses." *Volkswagen*, 545 F.3d at 315. A court can compel "a person to attend a trial, hearing, or deposition" held "within 100 miles of where the person resides" or is employed. Fed. R. Civ. P. 45(c)(1)(a). Here, Plaintiff alleges that there are three "witness employees" who could testify to Plaintiff's alleged employment discrimination. Compl. 30. Because these witnesses are employed in Dallas, Texas and Dallas, Texas is approximately 635 miles from El Paso, Texas, this factor also favors transfer to the Northern District of Texas.

### 3. "cost of attendance of willing witnesses"

The third factor focuses on "the cost of attendance for willing witnesses." *Volkswagen*, 545 F.3d at 315. "When the distance between an existing venue for trial ... and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to the witnesses increases in direct relationship to the additional distance to be traveled." *Id.* (internal quotation marks omitted). Here, the distance between the Western District of Texas and the Northern District of Texas is approximately 635 miles. Accordingly, this factor also favors transfer to the Northern District of Texas.

### 4. "all other practical problems"

The fourth factor considers "all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re TikTok, Inc.*, 85 F.4th 352, 362 (5th Cir. 2023) (citing

*Volkswagen*, 545 F.3d at 315)). Courts find that the fourth factor is neutral when a case is in its early stages. *See Le v. Lockheed Martin Corp.*, No. 4:22-CV-1071, 2023 WL 8719441, at *6 (E.D. Tex. Dec. 18, 2023) ("The case is in the early phases of litigation, with a scheduling order not in place. The Court finds that this factor is neutral."). Here, the instant case is in the early phases of litigation because the case has not advanced beyond Plaintiff's *in forma pauperis* motion. Thus, the Court finds this factor to be neutral.

      ii. <u>Public factors</u>

        1. "*administrative difficulties from court congestion*"

The fifth factor considers "the administrative difficulties flowing from court congestion." *Volkswagen*, 545 F.3d at 315. This factor normally weighs against transfer when the "case appears to be timely proceeding to trial before the" transferee district. *In re TikTok, Inc.*, 85 F.4th at 363. Here, the case is not "timely proceeding to trial" because the case has not advanced beyond Plaintiff's *in forma pauperis* motion. Accordingly, this factor weights in favor of transfer to the Northern District of Texas.

        2. "*local interest*"

The sixth factor considers "the local interest in having localized interests decided at home." *Volkswagen*, 545 F.3d at 315. This factor focuses on "the significant connections between a particular venue and the events that gave rise to a suit." *Def. Distributed v. Bruck*, 30 F.4th 414, 435 (5th Cir. 2022). "Indeed, the place of the alleged wrong is one of the most important factors in venue determinations." *Id.* (citation modified). Here, the alleged employment discrimination occurred at Plaintiff's former workplace in Dallas, Texas. Thus, this factor favors transfer to the Northern District of Texas.

        3. "*familiarity of forum with governing law*"

6

The seventh factor most "commonly applies where the destination venue is in a different State—in which case that State's familiarity with the applicable law would be especially probative to the transfer analysis." *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 632 n.5 (5th Cir. 2022). Here, because the destination venue, the Northern District of Texas, is not in a different State from the Western District of Texas, this factor is neutral.

### 4. "avoidance of unnecessary problems of conflict of laws or application of foreign law"

The eighth factor focuses on "the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Volkswagen*, 545 F.3d at 315. Here, because this case does not involve conflict of laws or foreign law, this factor is also neutral.

In sum, five of the eight factors weigh in favor of transfer to the Northern District of Texas. Examining these factors affirms that the relevant evidence and witnesses to this case are in the Northern District of Texas. Moreover, the Northern District of Texas has a "local interest" in deciding localized issues of alleged discrimination at home. In other words, "[t]he Western District of Texas contains no relevant evidence, is [many] miles away from the vast majority of relevant witnesses, and is wholly unconnected to the underlying dispute." *In re TikTok, Inc.*, 85 F.4th at 366. For these reasons, the Court finds that the Northern District of Texas is the appropriate venue for this case.

### IV.   CONCLUSION

For the foregoing reasons, this Court **ORDERS** that this action be transferred from the El Paso Division of the U.S. District Court for the Western District of Texas to the Dallas Division of the U.S. District Court for the Northern District of Texas pursuant to 28 U.S.C. § 1404(a).

It is **FURTHER ORDERED** that the Clerk of the Court shall **MAIL, by certified mail,** a copy of this Order to Plaintiff.

**SIGNED** and **ENTERED** this 29th day of August 2025.

_____
MIGUEL A. TORRES
UNITED STATES MAGISTRATE JUDGE